LEE J. TAYLOR, ADMINISTRATOR OF EARL K. TAYLOR, DECEASED, v. J. W. STEWART AND JAMES STEWART.

(Filed 13 March, 1918.)

1. **Verdict—Pleadings—Trials.**

 The verdict of the jury should be construed on appeal from a judgment rendered thereon with reference to the trial and issuable facts raised by the pleadings.

2. **Judgments—Negligence—Issues—Answers.**

 Where damages sought to be recovered against a father and son for a wrongful death are apparent from the pleadings and trial as depending upon the negligence of the son, running an automobile at the time of the injury with the permission of the absent father, and the jury have found by their verdict that the son was not negligent, without answering the issue as to the negligence of the father, a judgment in favor of them both is properly entered.

APPEAL by plaintiffs from *Calvert, J.,* at the October Term, 1917, of CRAVEN.

This is an action against the defendants, James Stewart and his father, J. W. Stewart, to recover damages for wrongful death.

The material facts are stated in the report of the former appeal, 172 N. C., 203.

The complaint alleges, in substance, that the intestate of the plaintiff was killed by being run over by an automobile driven by the defendant James Stewart; that James Stewart was only thirteen years of age and inexperienced, and that he was running at a high rate of speed; that the father, J. W. Stewart, while not present at the time of the death and injury, had permitted and authorized his son to run the automobile.

The defendants denied that there was any negligence and also denied that the death of the intestate was caused by the automobile. The jury returned the following verdict:

1. Was the plaintiff's intestate killed by the negligence of the defendant James Stewart, as alleged? Answer: "No."

2. Was the plaintiff's intestate killed by the negligence of the defendant J. W. Stewart, as alleged?

3. Did L. J. Taylor, the father, and Mrs. L. J. Taylor, the mother, of plaintiff's intestate, by their own negligence contribute to the death of said intestate? Answer: "No."

4. What damage, if any, is plaintiff entitled to recover?

His Honor rendered judgment upon the verdict in favor of both of the defendants and the plaintiff excepted and appealed, contending that the verdict does not support a judgment in favor of the defendant J. W. Stewart.

Neither the evidence nor the charge of the court is sent up as a part of the record.

*C. L. Abernathy, E. M. Green, and W. D. McIver for plaintiff.*
*Moore & Dunn, D. L. Ward, and Ward & Ward for defendant.*

ALLEN, J. The verdict of the jury must be construed with reference to the trial (*Kearney v. R. R.,* 158 N. C., 532), and it is permissible and proper to examine the pleadings for the purpose of ascertaining the issuable facts and the ground on which the liability of the defendants depend, and when we do so, it is apparent that the right to recover against the defendant J. W. Stewart is dependent on the negligence of his son James, who was driving the automobile at the time of the injury and death.

The plaintiff, in effect, alleges that the death of his intestate was caused by the negligent act of James, and that the father is responsible because he permitted or authorized his son to run the automobile, and as thus understood, the finding upon the first issue is determinative of the right to recover against both defendants. This is the conclusion reached on the former appeal in this action, where the Court, before discussing the liability of the father upon the ground that he had authorized the act of the son, says: "Taking all of these circumstances into consideration, the question of proximate cause must be submitted to the jury. If they should find that death of the plaintiff's intestate was an unavoidable accident, which a prudent chauffeur, authorized by law to run a machine, could not by the exercise of reasonable care have avoided, then the defendants were not liable; but if they should find from all the evidence that the proximate cause of the intestate's death was the fast driving and lack of attention and due care upon the part of the thirteen-year-old boy, driving the machine in violation of law, then he would be liable."

No error.