CHARLES E. JENKINS, *Admr., etc., v.* GEORGE W. SWANK
*et al.*

(No. 7998)

Submitted January 29, 1935. Decided February 26, 1935.

*Mason & Haden* and *Chas. A. Goodwin,* for plaintiff in error.
*Posten, Glasscock & Posten,* for defendants in error.

LITZ, PRESIDENT:

This action was brought by Charles E. Jenkins as administrator of the estate of Omar B. Jenkins, deceased, against George W. Swank and Wendell Swank, his son, to recover damages for the alleged wrongful death of the decedent, resulting from personal injuries sustained by him when struck by an automobile belonging to the father and operated by the son.

The declaration charges that the collision was due to the

negligence of Wendell (who was fifteen years of age), and that the negligence of the son is imputable to the father under the family purpose automobile doctrine. The jury returned a verdict of $500.00 against the son and acquitted the father. Upon motion of plaintiff, the trial court set aside the verdict in favor of the father but refused to set aside the verdict against the son and entered judgment thereon. Plaintiff having refused to accept payment of the judgment, the amount thereof was paid into court by the son. Thereafter, a judgment of *nil capiat* was entered in favor of the father upon his filing a special plea setting up these facts. None of the evidence adduced at the trial was preserved.

Plaintiff assigns error to the rulings of the trial court in (1) refusing to set aside the verdict against Wendell Swank, and (2) sustaining the special plea of George W. Swank and entering judgment of *nil capiat* in his favor. The plea was sustained upon the theory that the liability of George W. is limited to the recovery against Wendell. The judgment against the son having been satisfied by payment of the amount thereof into court, the action, therefore, cannot be further prosecuted against the father.

The plaintiff insists that the verdict against the son should have been set aside because of inadequacy, and the granting of instructions at the instance of defendants incorrectly defining the family purpose doctrine. Whether any of the grounds specifically relied upon are sufficient to warrant a reversal, it appears from an inspection of the instructions granted for defendants that the jury were substantially informed in several that plaintiff could not recover unless (both) "defendants" were guilty of negligence. These instructions are plainly erroneous. As already indicated, recovery was sought against the defendant son on the ground of negligence, and against the father under the family purpose doctrine which does not involve negligence on his part.

The question is raised whether the errors in instructions may be considered in the absence of the evidence because of the general presumption in favor of the judgment of the trial court. The rule, however, will not support the presumption that the case was tried upon issues not within the scope of the

pleadings. 14 R.C.L., p. 784; *Taylor v. Stewart*, 175 N. C. 199, 93 S. E. 167. Because of the error aforesaid in the instructions, the court should have set aside the verdict against the son, as well as the verdict in favor of the father. The overruling of the motion to set aside the verdict against the son and entry of judgment thereon being the basis of the special plea, the judgments, complained of, are reversed, the verdict against Wendell Swank set aside and a new trial awarded the plaintiff against both defendants.

*Reversed and remanded.*